# UNITED STATES DISTRICT COURT
# SOUTHERN DISTRICT OF ILLINOIS
# EAST ST. LOUIS DIVISION

| | |
|---|---|
| JAMIE BRANDT, Individually and on Behalf of All Others Similarly Situated,<br><br>Plaintiff,<br><br>v.<br><br>CSL PLASMA, INC.,<br><br>Defendant. | Case No. 3:19-cv-702<br><br>Removal from the Circuit Court of the 20th Judicial Circuit, St. Clair County, Illinois<br><br>Case No.: 19L375 |

## NOTICE OF REMOVAL

Defendant CSL Plasma, Inc. ("CSL" or "defendant") submits this Notice of Removal of the civil action entitled *Jamie Brandt v. CSL Plasma, Inc.,* Case No. 19L375, from the Circuit Court for the 20th Judicial Circuit, St. Clair County, Illinois, where it is now pending, to the United States District Court for the Southern District of Illinois, East St. Louis Division. In accordance with 28 U.S.C. §1446(a) and 28 U.S.C. §1332, CSL provides the following basis in support of removal:

### TIMELY REMOVAL

1. On May 16, 2019, plaintiff Jamie Brandt ("plaintiff") filed a Class Action Complaint in the Circuit Court for the 20th Judicial Circuit, St. Clair County, Illinois, entitled *Jamie Brandt v. CSL Plasma, Inc.,* Case No. 19L375 (the "State Court Action").

2. Plaintiff served CSL, through its registered agent, with a copy of the Summons and Complaint on May 30, 2019.

3. Under 28 U.S.C. §1446(a), a complete copy of all process and pleadings served on CSL in the State Court Action are attached hereto as **Exhibit A**.

4. CSL has filed no pleadings in the State Court Action.

5. Under 28 U.S.C. §1446(b), this Notice of Removal is timely because it was filed within 30 days after receipt of the Summons and Complaint.

6. This removal is based on diversity jurisdiction under 28 U.S.C. §1332(d). The United States District Court for the Southern District of Illinois, East St. Louis Division, possesses diversity jurisdiction over this litigation under 28 U.S.C. §1332(d) because at least one member of the putative class is a citizen of a different state than defendant and the amount in controversy meets the jurisdictional minimum.

## VENUE

7. The Circuit Court for the 20th Judicial Circuit, St. Clair County, Illinois, is located within the United States District Court for the Southern District of Illinois, East St. Louis Division. 28 U.S.C. §93(a)(1). Therefore, venue is proper in this Court because it is the "district and division embracing the place where such action is pending." 28 U.S.C. §1441(a).

## DIVERSITY OF CITIZENSHIP

8. This Court possesses jurisdiction over putative class actions pursuant to the Class Action Fairness Act of 2005 ("CAFA") in which (A) minimal diversity exists, and (B) the amount in controversy exceeds $5 million. *See* 28 U.S.C. §§1332(d)(1)(B) (defining "class action" to include state law class actions); 1332(d)(2) (granting district courts original jurisdiction over purported class actions in which the amount in controversy exceeds $5 million and "any member of a class of plaintiffs is a citizen of a state different from any defendant").

9. Diversity of citizenship in a putative class action requires only one "member of a class of plaintiffs [to be] a citizen of a state different from any defendant." 28 U.S.C. §1332(d)(2).

10. Plaintiff alleges she is an individual citizen of the State of Illinois. **Ex. A**, Compl. ¶1. For purposes of diversity jurisdiction, a person is a citizen of the state in which they are

domiciled. *Newman-Green, Inc. v. Alfonzo-Larrain*, 490 U.S. 826, 828 (1989). Based on Plaintiff's allegations, Plaintiff is domiciled in and is a citizen of the State of Illinois. *Id.*; **Ex. A**, Compl. ¶1.

11. Corporations are citizens of their state of incorporation and principal place of business. 28 U.S.C. §1332(c)(1).

12. CSL is a corporation formed in the State of Delaware with its principal place of business in the State of Florida. *See* Declaration of Ryan Fleming in Support of Defendant's Notice of Removal ("Fleming Declaration"), ¶¶2-3.

13. Because CSL is not a citizen of the same state as plaintiff, there is complete diversity among the named parties. 28 U.S.C. §1332(d)(2); 28 U.S.C. §1441(b)(1).

## AMOUNT IN CONTROVERSY

14. Federal district courts possess jurisdiction over class actions where the amount in controversy "exceeds the sum or value of $5,000,000, exclusive of interest and costs." 28 U.S.C. §1332(d)(2).

15. Under CAFA, defendant need only show that there is a "reasonable probability that the stakes exceed" $5 million. *Brill v. Countrywide Home Loans, Inc.*, 427 F.3d 446, 449 (7th Cir. 2005). The amount in controversy "is a pleading requirement, not a demand for proof." *Blomberg v. Serv. Corp. Int'l*, 639 F.3d 761, 763 (7th Cir. 2011). "Once the proponent of federal jurisdiction has explained plausibly how the stakes exceed $5,000,000, the case belongs in federal court unless it is legally impossible for the plaintiff to recover that much." *Id.* at 764 (citation omitted).

16. Plaintiff alleges that CSL "required employees to have finger(s) scanned by a biometric timekeeping device" and obtained unique and permanent identifiers without the employees' consent, implying that all Illinois employees are intended to be included as part of the

3

putative class. **Ex. A**, Compl. ¶¶8, 15, 21. Based on the number of individuals that CSL employs in Illinois, Plaintiff's putative class comprises at least 205 individuals. Fleming Declaration, ¶4.

17. For each member of the class, the complaint alleges at least 5 violations that seeks liquidated damages of $1,000 per negligent violation or $5,000 per intentional violation. **Ex. A**, Compl. ¶¶94-98; Prayer for Relief (D).

18. In addition, Plaintiff's complaint seeks to recover attorneys' fees. **Ex. A**, Compl. Prayer for Relief (E); 740 ILCS 14/20(3). A prayer for attorneys' fees further contributes to the amount in controversy threshold. *Hart v. Schering-Plough Corp.*, 253 F.3d 272, 274 (7th Cir. 2001); *Gardynski-Leschuck v. Ford Motor Co.*, 142 F.3d 955, 958 (7th Cir. 1998) ("Legal fees may count toward the amount in controversy when the prevailing party is entitled to recover them as part of damages").

19. At least 205 putative class members x 5 alleged violations x $5,000 per violation plus attorneys' fees exceeds $5,000,000, which satisfies the amount in controversy under CAFA. 28 U.S.C. §1332(d)(6). *See also Back Doctors Ltd v. Metro. Prop. & Cas. Ins. Co.*, 637 F.3d 827, 830 (7th Cir. 2011) ("The legal standard was established by the Supreme Court in *St. Paul Mercury [Indem. Co. v. Red Cab Co.*, 303 U.S. 283 (1938)]: unless recovery of an amount exceeding the jurisdictional minimum is legally impossible, the case belongs in federal court").

### RESERVATION OF RIGHTS

20. CSL's filing of this Notice of Removal is not intended, nor should be construed, as any type of express or implied admission by CSL of any fact, of the validity or merits of any of plaintiff's claims and allegations, or of any liability, all of which CSL hereby expressly denies, or as any type of express or implied waiver or limitation of any of plaintiff's rights, claims, remedies, and defenses in connection with this action, all of which are hereby expressly reserved.

21.     Under 28 U.S.C. §1446(d), CSL will promptly give written notice of the filing of the Notice of Removal to plaintiff and will file a copy of this Notice with the Clerk of the Circuit Court for the 20th Judicial Circuit, St. Clair County, Illinois.

**WHEREFORE**, defendant CSL Plasma, Inc. respectfully requests that this litigation be removed from the Circuit Court for the 20th Judicial Circuit, St. Clair County, Illinois, to the United States District Court for the Southern District of Illinois, East St. Louis Division.

Dated:   June 27, 2019                                              Respectfully submitted,

By:  /s/ Michael V. Furlong

Michael V. Furlong (ARDC No. 6317963)              One of the Attorneys for Defendant
**OGLETREE, DEAKINS, NASH, SMOAK &**                CSL Plasma, Inc.
  **STEWART, P.C.**
155 North Wacker Drive, Suite 4300
Chicago, Illinois 60606
Telephone:  312.558.1220
Facsimile:   312.807.3619
*michael.furlong@ogletree.com*

## **CERTIFICATE OF SERVICE**

The undersigned attorney certifies that on June 27, 2019, he filed the foregoing *Notice of Removal* electronically with the Clerk of Court using the ECF system, and served the *Notice of Removal* on the following via U.S. Mail, postage prepaid, and via electronic mail:

Brandon M. Wise, Esq.
Paul A. Lesko, Esq.
Peiffer Wolf Carr & Kane, APLC
818 Lafayette Avenue, Floor 2
St. Louis, Missouri 63104
*bwise pwcldegal.com*
*plesko@pwcklegal.com*

*Attorneys for Plaintiff*

/s/ Michael V. Furlong
One of the Attorneys for Defendant
CSL Plasma, Inc.

39005222.1